NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP., | CIVIL ACTION NO. 17-3390 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SEASONAL SPECIALTIES, LLC, | |
| Defendant. | |

**LINARES, Chief District Judge**

**IT APPEARING THAT:**

1. Currently pending before the Court is a motion by the defendant, Seasonal Specialties, LLC (hereinafter, "Seasonal"), to transfer this patent infringement action to the United States District Court for the District of Minnesota, among other alternative relief. *See* 28 U.S.C. § 1400(b) (concerning the proper venue for a federal patent infringement action). (*See* ECF No. 11 through ECF No. 11-3; ECF No. 15; ECF No. 15-1.) The plaintiff, Telebrands Corp. (hereinafter, "Telebrands"), opposes Seasonal's motion. (*See* ECF No. 14; ECF No. 14-1.)

2. The Court resolves Seasonal's motion upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the Court

grants the part of the motion seeking a transfer of the action, and orders this action to be transferred to the District of Minnesota.

3. Telebrands, which is deemed to reside in New Jersey, owns certain patents (hereinafter, "the Patents in Issue") related to a "laser light decorative lighting apparatus," and alleges that Seasonal is manufacturing and selling decorative lighting products that infringe the Patents in Issue. (ECF No. 1.) Telebrands alleges that the District of New Jersey is a proper venue for this patent infringement action. (*Id.*)

4. However, a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Thus, pursuant to the provisions of Section 1400(b), a patent infringement action may be brought against an allegedly infringing defendant either: (a) where that defendant is deemed to reside, *e.g.*, its state of incorporation (hereinafter, "the First Clause"); or (b) where that defendant has allegedly committed the acts of infringement *and* has a regular and established place of business (hereinafter, "the Second Clause"). *See generally TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017).

5. If the Second Clause is being relied upon, then an action is not in the proper venue unless both of its elements are satisfied, *i.e.*, the defendant allegedly committed infringing acts within the venue (hereinafter, "the Infringement Element"), and the defendant has a regular and established place of business within the venue (hereinafter,

"the Regular and Established Element"). *Id.*

6.  Telebrands concedes that Seasonal is deemed to reside within the District of Minnesota, and not within the District of New Jersey, and that the First Clause has no application here. (*See* ECF No. 14 at 4 (Telebrands stating that it "does not dispute [the] contention [by Seasonal] that it is a Minnesota limited liability company").) Thus, the Court will not address the reach of the First Clause in its assessment of Seasonal's motion to transfer in this action. (*See* ECF No. 11-1 at 5 (Seasonal arguing that it does not reside within the District of New Jersey); *id.* at 7 (same); *id.* at 10–12 (same); ECF No. 15 at 5 (same).)

7.  Furthermore, the parties do not address the merits of the claims by Telebrands concerning the Infringement Element of the Second Clause at this juncture. (*See generally* ECF No. 11; ECF No. 14, ECF No. 15.)

8.  However, the parties do contest the reach of the Regular and Established Element of the Second Clause. Seasonal argues that it does not have a regular and established place of business within New Jersey, and that the District of New Jersey is an improper venue for this action as a result. (*See* ECF No. 11-1 at 7.) In support, Seasonal submits the sworn Declaration of its president, who declares that: (a) Seasonal's primary offices and headquarters are in Minnesota; (b) he works out of the Minnesota office; (c) Seasonal is a limited liability company, and none of its members are located in Minnesota; (d) the majority of Seasonal's employees work in Minnesota; (e) none of Seasonal's employees, representatives, contractors, or facilities are located within New

Jersey; and (f) Seasonal has not had a regular and established place of business in New Jersey at any time in the past. (*See* ECF No. 11-2 at 2; *see also* ECF No. 11-1 at 12–13 (Seasonal reiterating the contents of the Declaration in the brief in support of the motion to transfer); *see also* ECF No. 15 at 9–10 (same).)

**9.** Furthermore, to demonstrate that it is not being cavalier in making this motion to transfer and that it desires to have this dispute resolved on the merits, Seasonal has already brought a separate action against Telebrands in the District of Minnesota, wherein Seasonal seeks a judgment declaring that it is not infringing the Patents in Issue. *See Seasonal Specialties, LLC v. Telebrands Corp.*, D. Minn. No. 17-1768.

**10.** In response, Telebrands appears to concede that it possesses no evidence to demonstrate that the Regular and Established Element as to Seasonal is arguably satisfied in the District of New Jersey, and instead asks for "limited venue-related discovery so that Telebrands can establish the full extent of Seasonal['s] business presence in this District." (*See* ECF No. 14 at 4.) Indeed, Telebrands offers nothing more than its own venue allegations that are set forth in its Complaint in opposition. (*See generally* ECF No. 14.)

**11.** The Court finds that Seasonal has demonstrated in the first instance, in no uncertain terms, that it does not have a regular and established place of business within the District of New Jersey.

**12.** In response, Telebrands has not made a showing that the Regular and Established Element has been arguably met in order to prosecute its infringement claims

against Seasonal in the District of New Jersey. Instead, Telebrands merely asks for discovery on the issue.

13. Such a request in response is insufficient to counter a motion made under Section 1400(b), and it is without merit. *See Simpson Performance Prods., Inc. v. NecksGen, Inc.*, No. 16-153, 2017 WL 3616764, at *3 (W.D.N.C. Aug. 23, 2017) (transferring a patent infringement case to a different venue, because "allegations supporting the conclusion that Defendant conducts some business in [the original venue] by selling products in and shipping products to [the original venue] . . . fall far short of permitting the inference" that the Regular and Established Element has been met); *Gillespie v. Prestige Royal Liquors Corp.*, No. 16-2392, 2017 WL 3232462, at *5 (N.D. Cal. July 31, 2017) (transferring a patent infringement case, because a plaintiff's allegations concerning a defendant's acts of shipping products and directing advertising to the original venue were insufficient to demonstrate the Regular and Established Element); *OptoLum, Inc. v. Cree, Inc.*, No. 16-3828, 2017 WL 3130642, at *6 (D. Ariz. July 24, 2017) (rejecting the plaintiff's request to conduct venue discovery in opposition to a Section 1400(b) transfer motion, because the plaintiff's allegations concerning the defendant's acts of selling infringing products in stores and having a sales manager in the original venue were insufficient to raise an issue as to the Regular and Established Element); *LoganTree LP v. Garmin Int'l, Inc.*, No. 17-98, 2017 WL 2842870, at *2 (W.D. Tex. June 22, 2017) (granting the defendant relief under Section 1400(b), because the Regular and Established Element was not met by the plaintiff's allegations that the

5

defendant: (a) was authorized to do business in the original venue, (b) had a website that listed distributors in the original venue, and (c) sold products to distributors in the original venue).₁

**14.** Perhaps such discovery might demonstrate that this Court would ordinarily have *personal jurisdiction* over Seasonal, but this will do nothing to counter Seasonal's unequivocal assertions that *venue* is improper here under Section 1400(b) due to its lack of a regular and established place of business within New Jersey. *See Proctor & Gamble Co. v. Ranir, LLC*, No. 17-185, 2017 WL 3537197, at *5 (S.D. Ohio Aug. 17, 2017) (rejecting a plaintiff's argument in opposition to a Section 1400(b) transfer motion that it be permitted to conduct limited discovery relating to the extent of a defendant's "connections" to the original venue, and finding that such discovery would go to the issue of personal jurisdiction, and "that is not the law"); *Percept Techs. v. Fove, Inc.*, No. 15-2837, 2017 WL 3427971, at *1 (D. Nev. Aug. 8. 2017) (rejecting the plaintiff's arguments against a Section 1400(b) transfer that merely demonstrated that specific personal jurisdiction existed over the defendant, particularly because the defendant declared that it had no offices, employees, or land in the original venue).

**15.** Therefore, this Court finds that Telebrands has not met its burden of raising evidence to demonstrate that the venue of this patent infringement action properly lies

---

1     *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017), cited *supra*, is the latest pronouncement by the United States Supreme Court concerning the proper application of the venue provisions contained in Section 1400(b). Thus, this Opinion only relies upon case law that has been released since its issuance, *i.e.*, May 22, 2017.

6

within the District of New Jersey pursuant to Section 1400(b), and grants Seasonal's motion to transfer venue. Under Section 1400(b), this action properly belongs in the District of Minnesota.

For the reasons set forth above, **IT IS THEREFORE** on this ___6th___ day of September, 2017, **ORDERED** that the defendant's motion to transfer this action pursuant to 28 U.S.C. § 1400(b) to the United States District Court for the District of Minnesota, among other alternative relief **(ECF No. 11)**, is **GRANTED IN PART AND DENIED IN PART** as follows:

**GRANTED TO THE EXTENT** that the motion concerns the transfer of this action to the United States District Court for the District of Minnesota; and it is further

**DENIED WITHOUT PREJUDICE TO THE EXTENT** that the motion concerns other alternative relief; and it is further

**ORDERED** that the Clerk of the Court **TRANSFER THIS ACTION** to the United States District Court for the District of Minnesota; and it is further

**ORDERED** that the Clerk of the Court designate this action, insofar as it exists in the United States District Court for the District of New Jersey, as **CLOSED**.

_____
**JOSE L. LINARES**
Chief Judge, United States District Court